IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS REBOLLAR-JACOBO, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> SOLUTION MAINTENANCE CORP., an Illinois corporation, d/b/a SOLUTION MAINTENANCE, and JOSEPH ROMEO, an individual, <br><br> Defendants. | Case No. 15-cv-10153 |

## COMPLAINT

The Plaintiff, Jose Luis Rebollar-Jacobo ("Plaintiff" or "Rebollar-Jacobo"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Solution Maintenance Corp., d/b/a Solution Maintenance ("Solution Maintenance") and Joseph Romeo ("Romeo") (collectively, the "Defendants"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to Plaintiff, and other similarly situated employees, overtime compensation at the rate of one and one-times their regular hourly rates of pay when they worked more than 40 hours in an individual workweek. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

**Jurisdiction and Venue**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**The Parties**

4. Plaintiff performed commercial cleaning and janitorial services for the Defendants from late 2011 or early 2012 through September 2015.

5. Defendant Solution Maintenance Corp., a now-dissolved Illinois corporation, was doing business as a commercial and industrial cleaning company within this judicial district. The president, corporate secretary, and registered agent for Solution Maintenance were located within this judicial district.

6. Upon information and belief, Defendant Solution Maintenance earned more than $500,000 in annual gross revenue during all relevant years.

7. Defendants' employees, including Plaintiff, regularly handled, sold or otherwise worked on goods and materials that have been moved or produced for interstate commerce, including cleaning products and supplies.

8. At all times, Defendant Joseph Romeo possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant Romeo hired Plaintiff, set Plaintiff's schedule, determined his rate and method of pay, and paid Plaintiff's wages.

9. Upon information and belief, Defendant Romeo resides in and is domiciled within this judicial district.

**Common Allegations**

10. During the last three years before the filing of this suit, Plaintiff was scheduled to work, and did in fact work, from approximately 1 a.m. to 9 a.m. on every day of the workweek. Plaintiff worked approximately 56 hours per week.

11. Defendants paid Plaintiff on an hourly basis and Plaintiff's regular hourly rate of pay was $13.00.

12. Plaintiff, and other cleaning and janitorial employees, were directed to work, and did work, more than 40 hours per week for the Defendants.

13. Defendants did not compensate Plaintiff, and other cleaning and janitorial employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

14. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

15. Upon information and belief, Defendants failed to create, maintain, and preserve payroll records in accordance with 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700.

16. Upon information and belief, during the last three years before the filing of this suit, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**

17. Plaintiff hereby incorporates paragraphs 1 through 16 as though stated herein.

18. Plaintiff is an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

19. During the course of Plaintiff's employment, Defendants employed other cleaning and janitorial employees who were similarly not exempt from the overtime wage provisions of the FLSA.

20. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

21. Defendant Solution Maintenance Corp. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

22. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other cleaning and janitorial employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

23. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

24. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants paid Plaintiff by check for less than 40 hours worked in an individual workweek and in cash wages for the remainder of his weekly hours, most of which were compensable overtime hours. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Jose Luis Rebollar-Jacobo, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Solution Maintenance Corp., d/b/a Solution Maintenance and Joseph Romeo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

25. Plaintiff hereby incorporates paragraphs 1 through 16 as though stated herein.

26. Plaintiff is an "employee" under the IMWL, 820 ILCS § 105/3(d), and is not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

27. During the course of Plaintiff's employment, Defendants employed other cleaning and janitorial employees who were similarly not exempt from the overtime wage provisions of the IMWL.

28. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

29. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other cleaning and janitorial employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jose Luis Rebollar-Jacobo, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Solution Maintenance Corp., d/b/a Solution Maintenance and Joseph Romeo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.


Dated: November 9, 2015

Respectfully submitted,
Jose Luis Rebollar-Jacobo, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff


/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Ste.1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net